**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAVID E. LEWIS
ADC #105476                                                                                          PLAINTIFF

V.                                          5:09CV00315 JMM/JTR

ERNEST GOLDEN, Jail Administrator,
Arkansas County Detention Center, et al.                                        DEFENDANTS

**ORDER OF DISMISSAL**

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction, has filed a *pro se* § 1983 Complaint and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2. For the following reasons, the Court will deny the Application to Proceed *In Forma Pauperis* and dismiss the case, without prejudice, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

**I. Discussion**

**A.     Three Strikes Rule**

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed at least three § 1983

actions that were dismissed for failing to state a claim upon which relief may be granted: (1) *Harris, Lewis, et al. v Norris,* 5:00CV00158 SWW (dismissed on 8-31-00, no appeal); (2) *Lewis v. Norris,* 5:00CV00201 JMM (dismissed on 8-16-00, no appeal); and (3) *Ashley, Lewis, et al. v. Norris*; 5:00CV00229 WRW (dismissed on 4-10-01, affirmed on appeal 4-17-02). Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g).

**B.      Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) Furthermore, the Eighth Circuit has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint, Plaintiff alleges that while he was confined in the Arkansas County Detention Center ("ACDC") from October of 2008 until January of 2009, Defendants used excessive

actions that were dismissed for failing to state a claim upon which relief may be granted: (1) *Harris, Lewis, et al. v Norris,* 5:00CV00158 SWW (dismissed on 8-31-00, no appeal); (2) *Lewis v. Norris,* 5:00CV00201 JMM (dismissed on 8-16-00, no appeal); and (3) *Ashley, Lewis, et al. v. Norris*; 5:00CV00229 WRW (dismissed on 4-10-01, affirmed on appeal 4-17-02). Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g).

**B.      Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) Furthermore, the Eighth Circuit has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint, Plaintiff alleges that while he was confined in the Arkansas County Detention Center ("ACDC") from October of 2008 until January of 2009, Defendants used excessive

force against him, denied him adequate medical care, and violated his due process rights. *See* docket entry #2. However, Plaintiff concedes that he is currently confined in the Cummins Unit, and is no longer subject to the alleged constitutional violations at the ACDC. *Id.* Accordingly, Plaintiff has failed to satisfy the imminent danger exception set forth in § 1915(g).

## II. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) is DENIED.

2. This case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3. If Plaintiff wishes to continue this case, he must, **within thirty (30) days of the entry of this Order of Dismissal**: (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a Motion to Reopen the case. Upon receipt of the Motion and full payment, this case will be reopened.

4. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 21st day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE